UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**KIMBERLY FREEMAN**                                                                          **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:18-CV-16-CRS**

**LITTLE CEASARS et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly Freeman, *pro se*, filed a complaint and application to proceed without payment of fees (DN 4). On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application (DN 4) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants to this action: Little Ceasars 40223 Store 00459; Walmart Neighborhood Market 40229 Store 05183; and Steak n'Shake 2717 Hurstborne Prky 40220. She states that the basis for jurisdiction is federal question, specifically "Retaliation, Harrasment, Discrimination." The statement-of-the-claim portion of the complaint form states: "On receipts while visiting locations I experienced retaliation, harassment . . . . As a plaintiff I was retaliated against and this matter has to be filed in court. This behavior is unacceptable and has brought legal action upon defendants." As relief, Plaintiff requests damages, "relief of retaliation," and the "right to visit" Kentucky businesses "without being harassed by phone in home or in public."

## II. ANALYSIS

Upon review under 28 U.S.C. § 1915(e)(2), this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

First, Plaintiff is trying to bring claims against three different businesses. Under Federal of Civil Procedure 20(a)(2), persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ.

P. 20(a)(2). "[P]laintiffs . . . do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id.* (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)).

Here, Plaintiff's scant claims of retaliation, harassment, and discrimination at three different businesses does not evidence that the alleged activity arose out of the same transaction, occurrence, or series of transactions or occurrences or involve common questions of law or fact. Therefore, joinder of Defendants is impermissible under Fed. R. Civ. P. 20(a)(2).

The Court need not consider whether one or more Defendants should be severed from this action, because the complaint fails to meet the notice-pleading standard of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory*

3

*v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, the complaint does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Plaintiff fails to place Defendants on notice as to the claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544). The pleadings, therefore, are lacking in sufficient detail to state a claim against Defendants, and they fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date: February 9, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4411.009